

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2005

# Allen v. Sobina

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1149

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"Allen v. Sobina" (2005). *2005 Decisions.* Paper 641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-1149
_____

BILLY RAY ALLEN,

Appellant

v.

RAYMOND SOBINA, MR.;
THE DISTRICT ATTORNEY
OF THE COUNTY OF MONTGOMERY;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-CV-00447)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2005

Before: Roth, McKee and Aldisert, Circuit Judges

(Filed:  August 30, 2005)

_____

OPINION

_____

PER CURIAM

Billy Ray Allen, a state prisoner serving a life sentence for first degree murder and related offenses, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. The Court denied relief, and Allen timely appealed and filed an application for a certificate of appealability (COA). We granted a COA on the issue of whether Allen was denied his Sixth Amendment rights when trial counsel admitted to the jury that Allen was involved in the crime. We declined to issue a COA on the remaining issues Allen raised.[1]

When a court of appeals reviews a district court's denial of a petition for writ of habeas corpus and there has been no evidentiary hearing in the district court, review is plenary. Jacobs v. Horn, 395 F.3d 92, 99 (3d Cir. 2005). A federal court may grant relief to a habeas petitioner "with respect to any claim that was adjudicated on the merits in State court proceedings," only if the state's adjudication of the claim was either "contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Ordinarily, to prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S.

_____

[1] We write for the parties who are already familiar with the facts of this case and so will not repeat them here.

2

668 (1984). First, a defendant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." Id. at 688. Second, if counsel was deficient, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Under Strickland, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." In similar cases where a trial attorney has admitted guilt as part of trial strategy, habeas petitioners have sometimes attempted to avoid having to satisfy the prejudice prong of Strickland by claiming that counsel's defense strategy was so deficient as to constitute an actual breakdown in the adversarial process, invoking the Supreme Court's ruling in United States v. Cronic, 466 U.S. 648 (1984). The Supreme Court's decision in Cronic created a very limited exception to the application of Strickland's two-part test in situations that "are so likely to prejudice the accused that the cost of litigating their effect in the particular case is unjustified." Cronic, 466 U.S. at 658. In Bell v. Cone, 535 U.S. 685 (2002), the Supreme Court identified three situations implicating the right to counsel where the Court will apply Cronic's presumption that the petitioner has been prejudiced. The second of the three, and the only one relevant here, encompasses situations in which

3

a petitioner is represented by counsel at trial, but his or her counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." Id. at 696.

Allen in essence argues that his counsel's decision to admit that he caused the death of the victim is tantamount to a complete failure of the adversarial process. In Bell, the Supreme Court clarified when an attorney's failure to subject the prosecution's case to meaningful adversarial testing results in a constructive denial of counsel. The Court, reiterating language in Cronic, stated that an attorney must "*entirely* fail[] to subject the prosecution's case to meaningful adversarial testing" for the presumption of prejudice to apply. Bell, 535 U.S. at 697 (quoting Cronic, 466 U.S. at 659) (emphasis in the original). In other words, an attorney must completely fail to challenge the prosecution's case, not just individual elements of it. Id. Under this rationale, when counsel fails to oppose the prosecution's case at specific points or concedes certain elements of a case to focus on others, he has made a tactical decision. Id. at 697-98.[2] In Florida v. Nixon, 125 S. Ct. 551 (2004), the Supreme Court recently confirmed that in a capital case where counsel has made a strategic choice to concede guilt in order to focus on the penalty phase, a court should evaluate counsel's choice by applying the Strickland standard. Id. at 563.

---

[2] We note that while Allen's attorney admitted that Allen did the killing, he did not concede that Allen's conduct constituted first degree murder. Rather, he argued that Allen did not mean for the man to die, hoping that the jury might therefore find Allen guilty only of second-degree felony murder. We also note that Allen's attorney, albeit unsuccessfully, filed a suppression motion, and that he cross-examined many of the Commonwealth's witnesses to establish his defense that Allen did not act with the requisite intent for first degree murder.

4

The record here indicates that Allen's defense counsel was faced with overwhelming evidence establishing that Allen committed the killing, including Allen's own oral admission to police.[3] Thus, counsel's decision to concede Allen's involvement, but to focus on avoiding the death penalty, is deemed a "tactical decision" after Nixon, and the Cronic presumption of prejudice does not apply. Given the evidence against Allen, he cannot show that he was prejudiced by his attorney's decision.

The Pennsylvania Superior Court, although citing state law, rather than federal, properly applied a standard requiring Allen to show both that counsel's decision was unprofessional, and that he was prejudiced by the decision. Commonwealth v. Allen, slip op. at 10-13 (Pa. Super. May 14, 1998). Thus, we hold that the state court's decision was not an unreasonable application of clearly established federal law, and we will affirm the decision of the District Court.[4]

---

[3] Allen complains that the Superior Court found that there was a typewritten confession. It appears that the Superior Court's finding is in error–the typewritten statement was taken earlier, before the incriminating statements, and would have consisted only of Allen's statement that he ordered a pizza and did not see the pizza man after he left. However, we find that the Superior Court's finding of overwhelming evidence against Allen did not rest on this one mistaken statement.

[4] All outstanding motions are denied. To the extent Allen's motions request this Court to consider evidence not considered by the District Court, we note that this Court "cannot consider material on appeal that is outside of the district court record." In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990).

5